UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: EPIPEN (EPINEPHRINE INJECTION, USP)
EMPLOYEE RETIREMENT INCOME SECURITY
ACT (ERISA) LITIGATION                                                                 MDL No. 2802

ORDER DENYING TRANSFER

**Before the Panel:**[*] Plaintiffs in the *Klein* action listed on Schedule A move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of Minnesota. This litigation consists of two actions—the *Brannon* action pending in the District of Kansas and the *Klein* action pending in the District of Minnesota—as listed on Schedule A.[1] All responding parties oppose centralization. These include: (1) all defendants in the *Brannon* and *Klein* actions;[2] (2) the *Brannon* plaintiffs; and (3) MDL No. 2785 defendants Mylan Inc., Mylan N.V., Mylan Pharmaceuticals Inc., and Mylan Specialty L.P. (collectively, Mylan).[3] The *Brannon* plaintiffs alternatively suggest the District of Kansas as the transferee forum for this litigation.

---

[*] Judges Lewis A. Kaplan and Ellen Segal Huvelle took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The Panel has been notified of a potentially related action pending in the District of Minnesota. Plaintiff in this action is represented by the same counsel as plaintiffs in the *Klein* action.

[2] Although these defendants filed a consolidated opposition to the motion for centralization, some of the defendants indicated different alternative positions with respect to the transferee forum in their Notices of Presentation of Oral Argument. The CVS Defendants (CVS Health Corporation, Caremark, LLC, Caremark Rx, LLC, and CaremarkPCS Health, LLC) alternatively support the District of Kansas as the transferee district should the Panel centralize this litigation. Defendant Prime Therapeutics, LLC, in contrast, alternatively suggests centralization in the District of Minnesota. The other defendants (Express Scripts Holding Company, Express Scripts, Inc., Medco Health Solutions, Inc., UnitedHealth Group, Inc., and OptumRx, Inc.) do not suggest a transferee forum in the alternative.

[3] MDL No. 2785 involves allegations of anticompetitive conduct or unfair methods of competition by Mylan with respect to the EpiPen, a spring-loaded injector marketed by Mylan that delivers a pre-measured and pre-loaded amount of epinephrine for the emergency treatment of anaphylaxis. *See In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, MDL No. 2785, __ F. Supp. 3d __, 2017 WL 3297989 (J.P.M.L. Aug. 3, 2017).

-2-

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. These actions share common factual questions relating to allegations that defendants, all of which are pharmacy benefit managers (PBMs), breached their fiduciary duty and conducted prohibited transactions under the Employee Retirement Income Security Act (ERISA) when they negotiated enhanced rebates from Mylan in exchange for favorable placement of its EpiPen products on their formularies. The parties are in general agreement that *Brannon* and *Klein* should proceed in a coordinated or consolidated fashion. The opposing defendants, however, argue that alternatives such as transfer pursuant to 28 U.S.C. § 1404(a) or informal coordination of discovery are preferable to centralization under Section 1407. We agree.[4]

Our past decisions make clear that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Plaintiffs in *Klein*, in addition to filing the present motion for centralization, have filed a motion in *Klein* seeking to enjoin prosecution of the *Brannon* action pursuant to the first-to-file doctrine. Defendants in *Brannon* have moved to transfer that action to the District of Minnesota pursuant to the first-to-file doctrine or Section 1404(a). Either motion would eliminate the multidistrict character of this litigation. The transfer motion (if deemed appropriate by the transferor court) would allow for a consolidated trial of both actions. *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) (noting that "transfer under Section 1404(a)—where appropriate—can result in a more streamlined action, without the procedural necessity of remand to the transferor court that is required under Section 1407" and "allows for the possibility of consolidation of actions for trial, which potentially avoids the increased costs associated with multiple trials after the Panel remands actions to the various transferor courts once pretrial proceedings are concluded"). As there exists a "reasonable prospect" that these pending motions will moot the multidistrict character of this litigation, centralization is not warranted. *In re Truvia Natural Sweetener Mktg. & Sales Practices Litig.*, 996 F. Supp. 2d 1377, 1378 (J.P.M.L. 2014) (denying centralization where pending transfer motions could eliminate the multidistrict character of the litigation).

Additionally, this litigation involves only two actions. If the multidistrict character of this litigation cannot be eliminated through the motions now pending in *Brannon* and *Klein*, voluntary cooperation and coordination among the parties and the involved courts should be feasible with respect to common discovery and pretrial proceedings. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex

---

[4] The *Brannon* plaintiffs argue that centralization should be denied because *Klein* is more properly transferred as a potential tag-along action to MDL No. 2785, which is proceeding in the District of Kansas. We do not agree and, for the reasons stated in an order issued concurrently with this one, we vacate the order that conditionally transferred *Klein* to MDL No. 2785. *See* Order Vacating Conditional Transfer Order, *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, MDL No. 2785 (J.P.M.L. Dec. 5, 2017).

-3-

Litigation, Fourth, § 20.14 (2004). At oral argument, both plaintiffs and defendants agreed that they will cooperate with one another to coordinate any potentially duplicative discovery.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell      Charles R. Breyer
R. David Proctor         Catherine D. Perry

**IN RE: EPIPEN (EPINEPHRINE INJECTION, USP)
EMPLOYEE RETIREMENT INCOME SECURITY
ACT (ERISA) LITIGATION** MDL No. 2802

## SCHEDULE A

<u>District of Kansas</u>

BRANNON, ET AL. v. EXPRESS SCRIPTS HOLDING COMPANY, ET AL.,
C.A. No. 2:17−02497

<u>District of Minnesota</u>

KLEIN, ET AL. v. PRIME THERAPEUTICS, LLC, ET AL., C.A. No. 0:17−01884